**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andraya Lyons, | No. CV-26-02935-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Main Street America Protection Insurance Company, | |
| Defendant. | |

Plaintiff Andraya Lyons sued Defendant Main Street America Protection Insurance Company for breach of contract and other state law claims in the Pinal County Superior Court, asserting that Defendant failed to pay Plaintiff's home insurance benefits after she filed a claim. (Doc. 1-3.) Defendant removed the matter to federal court under federal diversity jurisdiction. (Doc. 1.) Plaintiff now moves to remand this matter because the amount in controversy does not exceed $75,000. (Doc. 11.) According to Plaintiff, her complaint and attached papers show that her home was damaged in an amount of $19,225 but was paid only $13,418.75 of the total amount owed to her. (Doc. 1-3 ¶ 16, Doc. 11 at 2; Doc. 11-1.)

Defendant does not object to Plaintiff's motion and clarifies that it removed this matter because the initial pleading was unclear whether the amount in controversy met this court's jurisdictional bar and Plaintiff's counsel refused to stipulate on the damages amount. (Doc. 12 at 3.) Defendant requests that it be allowed to remove this matter again

if it is discovered that Plaintiff's damages do, in fact, exceed $75,000 through discovery. (Doc. 12 at 3–4.)

As Defendant identified, 28 U.S.C. § 1446(b)(3) provides the very mechanism that it requests: if this matter is not removable based on the initial pleading, a notice of removal may nonetheless be filed within thirty days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See also Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021) ("Applying the 'unequivocally clear and certain' standard, an amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3)."). This mechanism is not without limitation, though, *see* 28 U.S.C. § 1446(c), and Defendant is subject to those limitations as any other party in a civil action.

Defendant having failed to show that the amount in controversy exceeds $75,000, the Court remands this matter to the state court.

**IT IS ORDERED** granting Plaintiff's Motion to Remand (Doc. 11).

**IT IS FURTHER ORDERED** vacating the Rule 16 Scheduling Conference set for July 7, 2026 at 10:30 AM.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to Pinal County Superior Court as soon as practicable and close this matter.

Dated this 18th day of June, 2026.

Honorable John J. Tuchi
United States District Judge

- 2 -